IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF METROPOLIS, ILLINOIS, a Municipal Corporation, and COUNTY OF MASSAC, a Municipal Corporation, )<br>)<br>)<br>) | |
| Plaintiffs, ) | Case No. 21-cv-860-SMY |
| vs. )<br>) | |
| HONEYWELL INTERNATIONAL INC., )<br>) | |
| Defendant. ) | |

## PARTIES' AGREED CONFIDENTIALITY ORDER

The parties to this action have agreed to the terms of a confidentiality order. Accordingly, it is **ORDERED**:

**1. Scope.** All materials, including electronically stored information, produced or adduced in the course of discovery, including but not limited to initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information and Export-Controlled-Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods unless otherwise specified herein.

**2. Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from public disclosure by statute and/or regulation, including but not limited to Sensitive Unclassified Non-Safeguards Information (SUNSI); (b) information that reveals trade secrets; (c) research, scientific, technical, survey, commercial, financial, and employment information that the party has maintained as confidential;

1

(d) medical or health information concerning any individual; (e) non-public personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Export-Control-Restricted Information**. As used in this Order, "Export-Control-Restricted Information" means documents, information, material, and deposition testimony designated as "EXPORT-CONTROL-RESTRICTED," which contain International Traffic in Arms Regulations ("ITAR") Restricted materials, 22 C.F.R. Part 120, Export Administration Regulations ("EAR") Restricted materials, 15 C.F.R. Part 730, or materials protected under 10 C.F.R. Part 810.

**4. Designation**

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall be also so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

**(b)** Any party or non-party may designate information, documents, or deposition testimony produced in this Action as "EXPORT-CONTROL-RESTRICTED" if such party has the reasonable and good faith belief that such information, documents, or testimony may contain ITAR, EAR, or Part 810 restricted materials. Any information supplied in documentary or other tangible form may be designated EXPORT-CONTROL-RESTRICTED by the Producing Party by marking or stamping on each page of such document, transcript, or exhibit, or on the face of such thing, "EXPORT- CONTROL-RESTRICTED." So long as it is consistent with applicable regulations, where such marking of material is impossible or impractical, the Producing Party shall designate in writing, at the time of its production, that the material contains EXPORT-CONTROL-RESTRICTED. Information produced by any party or non-party but subsequently designated as EXPORT-CONTROL-RESTRICTED by a party to the Action shall be treated as EXPORT-CONTROL-RESTRICTED information, and the recipients shall either mark their copies as "EXPORT-CONTROL-RESTRICTED" or request that the Producing Party provide a replacement set so marked.

**5. Depositions.** Deposition testimony is protected by this Order if designated as "CONFIDENTIAL" or "EXPORT-CONTROL-RESTRICTED" on the record at the time the testimony is taken, or by serving such designations within 30 days after receipt of the final transcript of the deposition in which information is disclosed. Such designations shall be specific as to the portions that contain Confidential Information or Export-Control-Restricted Information. All deposition transcripts shall be treated as "CONFIDENTIAL" and "EXPORT-CONRTOL-RESTRICTED" until 30 days following receipt of the final transcript.

**6. Protection of Confidential Material.**

**(a) General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the putative class.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information, but only after such persons, with the exception of the Court and its personnel and Law Enforcement or Regulators, have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound:

**(1)** **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

**(2)** **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

**(3)** **The Court and its personnel.**

**(4)** **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(5)** **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

**(6)** **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action;

**(7)** **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Any such exhibits must be returned to the producing party or destroyed within thirty days of receipt. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(8)** **Author or recipient.** The author or recipient of the document (not including person who received the document in the course of litigation); and

**(9)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(10)** **Law Enforcement or Regulators.** State or federal law enforcement and state or federal regulatory bodies, but only to the extent counsel for that party believes in good faith that the Confidential Information provides evidence of a criminal violation of an applicable statute or regulation. Prior to such disclosure, counsel agrees to provide notice of the intended disclosure along with an identification of the information to the producing party, and to allow reasonable time for the producing party to seek protection from the Court.

**(c) Control of Documents.** Counsel for the parties and all others bound by this Order shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**7. Further Protection of Export-Control-Restricted Information.** EXPORT-CONTROL-RESTRICTED documents and material related to this case containing technical data under the ITAR, EAR, or Part 810 must be protected from export or transfer to unauthorized foreign persons in accordance with applicable federal laws and regulations, and any counsel that discloses EXPORT-CONTROL-RESTRICTED documents and material to any third party must take all necessary steps to ensure that such disclosure complies with applicable federal laws and regulations.

**8. Inadvertent Failure to Designate.** An inadvertent failure to designate a document does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information or Export-Control Restricted Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**9. Filing of Confidential Information or Export-Control-Restricted Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to

file a document designated as Confidential Information or Export-Control-Restricted Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 5.1. Further, prior to filing with the Court any information designated under this Order a party must seek leave of the Court to file such materials under seal. The party seeking leave shall do so by requesting a conference with the magistrate assigned to this matter. The party requesting the conference shall provide a copy of the designated materials to be filed under seal to the magistrate for in-camera review in advance of the conference. Information designated pursuant to this Order may not be filed with the Court prior to issuance of an order permitting filing of the same.

**10. No Greater Protection of Specific Documents.** Except for Safeguards Information (SGI), as defined in NRC Regulations, 10 C.F.R § 73.2, and privileged grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**11. Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by Honeywell International Inc. or any named plaintiff. The following procedure shall apply to any such challenge.

> **(a) Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must identify the specific documents challenged and explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is

offered, to explain the basis for the designation. The designating party must respond to the challenge within ten (10) business days of the conference with the challenging party.

**(b) Judicial Intervention.** A party that elects to challenge a confidentiality designation may, following completion of the meet and confer process set forth in paragraph 11(a), file and serve a motion that identifies the specific documents challenged and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**12. Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information or Export-Control-Restricted Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**13. Use of Confidential Information or Export-Control-Restricted Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information or Export-Control-Restricted Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information or Export-Control-Restricted

Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**14. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party may not disclose Confidential Information in response to a subpoena without the express written agreement of the producing party or a court order authorizing disclosure.

**(b)** The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense (excluding fees and expenses associated with notification required hereunder) of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive

from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**15. Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**16. Obligations on Conclusion of Litigation.**

**(a)** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)** Within sixty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information or Export-Control-Restricted Information and documents marked "CONFIDENTIAL" or "EXPORT-CONTROL-RESTRICTED" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and one complete set of all documents filed with the Court including those filed under seal. Any retained

Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information.

17. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.

DATED:  May 4, 2022

**STACI M. YANDLE**
**United States District Judge**

| | |
|---|---|
| **We so move, and agree to abide by the terms of this Order.** | **We so move, and agree to abide by the terms of this Order.** |
| /s/ Katrina Carroll (by Consent) <br> Signature | /s/ *John E. Galvin* <br> Signature |
| Katrina Carroll <br> Printed Name | John E. Galvin <br> Printed Name |
| Counsel for: Plaintiff | Counsel for: Defendant |
| Dated: April 29, 2022 | Dated: April 29, 2022 |

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CITY OF METROPOLIS, ILLINOIS**, a Municipal Corporation, and **COUNTY OF MASSAC**, a Municipal Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>**HONEYWELL INTERNATIONAL INC.**,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No. 21-cv-860-SMY<br>)<br>)<br>)<br>)<br>)<br>) |

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern, except pursuant to and in compliance with the Confidentiality Order. The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____   Signature: _____

Case 3:21-cv-00860-SMY   Document 36   Filed 05/04/22   Page 14 of 14   Page ID #261