IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF METROPOLIS, ILLINOIS, a Municipal Corporations, and COUNTY OF MASSAC, a Municipal Corporation, <br><br>            Plaintiffs, <br><br>vs. <br><br>HONEYWELL INTERNATIONAL, INC., <br><br>            Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 21-cv-860-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs City of Metropolis and County of Massac allege that from 1959 to 2017, a plant making uranium hexafluoride operated on the outskirts of Metropolis, Illinois and emitted air contaminated with radioactive and other toxic materials and throughout the years, this material settled into the soil and buildings around the City and County causing property loss and damages. Plaintiffs assert violations of the Price Anderson Act ("PAA"), 42 U.S.C. § 2210 *et seq*., and state law claims of public nuisance, negligence/gross negligence, trespass, nuisance, strict liability, and medical monitoring (Count I), state law claims related to non-radioactive hazardous substances (Count II), and a federal claim pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.* (Count III). They seek injunctive and monetary relief from Defendant Honeywell International, Inc., which now owns the plant (Doc. 1).

Now pending before the Court is Honeywell's Motion to Dismiss for Failure to State a Claim (Doc. 12). For the following reasons, the motion is **GRANTED in part** and **DENIED in part**.

## Background

The following factual allegations are taken from Plaintiffs' Complaint and are deemed true for the purposes of this motion. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008): Honeywell and its predecessor operated a nuclear plant on the outskirts of Metropolis, Illinois from 1959 until late 2017 (the "Plant"). The Plant processed uranium ore into uranium hexafluoride ("UF6"). The UF6 generated by the Plant was highly toxic radioactive gas which other facilities acquired for purposes of enriching or purifying into fuel for nuclear reactors or bombs.

The air monitoring system inside the Plant was inadequate and grossly underestimated the actual uranium levels present, resulting in the Plant consistently underreporting uranium contamination to federal regulators. The Plant continuously used a system of fans and ducts to vent air from within to the atmosphere while in operation. This air was laden with radioactive and non-radioactive hazardous waste.

The Plant continues to leak radioactive and hazardous contamination offsite into the City and County through air and groundwater. Residential, commercial, and government property is contaminated by radioactive material and other toxic substances emanating from the Plant. Dozens of samples taken both in the City and County confirm an elevated presence of radioactive particles which are traced to the Plant. Environmental evidence indicates that property and persons in the City and County were exposed to toxic and radioactive substances and negatively impacted by the Plant's toxic and radioactive releases. Scientific analysis revealed the presence of radioactive material in the soil and household dust of City and County residents far in excess of background

levels. The calculations show widespread exceedances of the dose limit allowed under 10 C.F.R. § 20.1301(e).

The Plant's radioactive material has been found in liquid discharges which are carried with stormwater through creeks into the Ohio River – a river used for recreation. The Plant has contaminated City and County properties and other properties throughout Metropolis in excess of state and federal dose requirements, including those set forth in 10 C.F.R. Part 20 and its predecessors and 40 C.F.R. Part 190. The risk of cancer posed by the extensive carcinogenic contamination in the Metropolis area correlates with abnormally high cancer rates in the area and low home values.

Plaintiffs seek a court-administered fund replenished by Honeywell to achieve injunctive and equitable relief as necessary for the continuing benefit of Plaintiffs' citizens, including a medical monitoring program to address necessary ongoing care. Plaintiffs also seek injunctive relief abating the impending threat to the community presented by Honeywell's unsafe emissions controls and money damages for diminution in value and the remediation of impacted City and County properties contaminated by Honeywell's radioactive and toxic waste.

## Discussion

The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555).

### The Price Anderson Act

The Price Anderson Act was enacted in furtherance of the Atomic Energy Act of 1954, 42 U.S.C. § 2011, *et seq*., to encourage private investment in nuclear energy by ensuring that public funds are available to compensate affected parties in the event of a nuclear incident and to limit liability for such nuclear incidents.  42 U.S.C. § 2012; *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 64-65 (1978).  At the time of its enactment, the Atomic Energy Act provided for the licensing of privately constructed and operated nuclear power plants that would be supervised by the Atomic Energy Commission (now the NRC). *Id*. at 63.  The PAA subsequently required such licensed facilities to purchase private liability insurance in exchange for indemnification by the federal government for damages more than the amount covered by private insurance.  *Id*. 64-5; 42 U.S.C. § 2210(a - c).  Through various amendments, the funds used to compensate victims were broadened to include indemnification from a fund subsidized by nuclear reactor owners. *Id*.

Through the Price-Anderson Amendments Act of 1988 ("Amendments Act"), Congress gave federal courts original jurisdiction over "any public liability action arising out of or resulting from a nuclear incident."  42 U.S.C. § 2210(n)(2); *In re TMI Litigation Cases Consol. II*, 940 F.2d 832, 856-857 (3rd Cir. 1991).  A plaintiff must establish four elements to prevail on a claim under the PAA: (1) defendant released radiation into the environment in excess of federal regulatory

limits; (2) plaintiff was exposed to this radiation; (3) plaintiff has injuries; and (4) radiation was the cause of those injuries. *See In re TMI*, 67 F.3d at 1119.

Honeywell argues that Plaintiffs have failed to state a cognizable claim under the PAA because: (1) Plaintiffs fail to specifically identify any radiation contamination over the relevant standards on their properties; (2) To the extent Plaintiffs specifically allege the presence of any radiation, they do so only in reference to unrelated properties and plead the wrong type of radiation dose; (3) Plaintiffs failed to plead that they were actually exposed to an NRC-defined qualifying level of radiation; and (4) Plaintiffs fail to plead an actual injury from the alleged radiation exposure. But these arguments place a higher burden on Plaintiffs than required under federal pleading rules.

Honeywell cites *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 (7th Cir. 1994), *Carey v. Kerr-McGee Chem. Corp.*, 60 F.Supp.2d 800, 811 (N.D. Ill. 1999), and *McGlone v. Centrus*, 2020 WL 4431482, at *3-5 (S.D. Ohio July 21, 2020) for the proposition that failure to plead specific exposures that exceed the NRC-defined limits is a basis for dismissal. However, those decisions did not address pleading standards. In *O'Connor*, the Seventh Circuit affirmed summary judgment for the defendant because plaintiff could not show that federal safety standards regarding permissible radiation doses were exceeded. *O'Conner*, 13 F.3d at 1107. Similarly, *Carey* was also decided on summary judgment after extensive discovery failed to establish evidence that defendant exceeded the federal dose limits. *Carey*, 60 F.Supp.2d at 811. True, Plaintiffs will ultimately need to prove exposure to radiation in excess of the maximums established by the federal safety regulations to prevail on a PAA claim, but not on the face of the Complaint. *F.R.C.P.* 8 only requires notice pleading, and Plaintiffs' allegations in the 81-page Complaint are more than adequate to put Honeywell on notice of the claims asserted against it.

*McGlone* is also distinguishable. In that case, the plaintiffs alleged that their properties were in proximity to the radiative facility which "put [the plaintiffs'] properties in the direct path of radioactive air emissions, radioactive particles distributed by the wind blowing such contamination off the site in dirt and dust, most if not all of which emanate from [the facility]". *McGlone*, 2020 WL 4431482, at *3. The court found these allegations insufficient and dismissed the plaintiffs' PAA claim because "nowhere [did] plaintiffs specifically claim that they or their properties were exposed to radiation in excess of federal limits". *Id*. at *4.

Although municipalities' power is derivative and not sovereign, municipalities may sue to protect their own proprietary interests that might be congruent with those of its citizens. *See City of Sausalito v. O'Neill*, 386 F.3d 1186, 1197 (9th Cir. 2004) (recognizing that the proprietary interests a municipality may sue to protect are as varied as the municipalities responsibilities, powers, and assets); *Colo. River Indian Tribes v. Town of Parker*, 776 F.2d 846, 848 (9th Cir. 1985). Here, the City and County allege that Honeywell violated federal regulatory standards, including 10 C.F.R. § 20.1301 and 10 C.F.R. § 20.1302 (and their predecessors 10 C.F.R. § 20.105 and 10 C.F.R. § 20.106). They also allege that Honeywell underreported the types and amounts of radioactive material released by the Plant and that the Plant has exposed citizens and property of the City and County to highly dangerous materials. The Complaint also includes detailed allegations of how radiation from the Plant has contaminated public highways within the City and County, contaminated property throughout the City and County, and caused elevated cancer rates throughout the City and County. These allegations, among many others in the Complaint, satisfy Plaintiffs' pleading requirements under Rule 8. As such, the Complaint states a colorable claim. *See*, *Cler v. Illinois Educ. Ass'n,* 423 F.3d 726, 729 (7th Cir. 2005).

### Ultrahazardous Activity - Strict Liability

In Illinois, "[a] defendant who performs an abnormally dangerous or ultrahazardous activity is subject to liability for harm to the person, land, or chattels of a plaintiff resulting from the activity, although the defendant has exercised the utmost care to prevent the harm." *In re Chicago Flood Litig.*, 176 Ill. 2d 179, 208, 680 N.E.2d 265, 279 (1997), holding modified by *Andrews v. Metro. Water Reclamation Dist. of Greater Chicago*, 2019 IL 124283, 160 N.E.3d 895; *See Restatement (Second) of Torts* § 519, at 34 (1977). Here, allowing a claim for ultrahazardous/strict liability would be inconsistent with the PAA and create the possibility that Honeywell met the mandated federal standard of care, but still be held strictly liable under Illinois state law. *See* W*ilcox,* 401 F.Supp.2d at 1201; *Koller v. Pinnacle West Capital Corp.,* 2007 WL 446357, at *3 (D. Ariz. Feb. 6, 2007) (granting motion to dismiss strict liability count); *McLandrich v. So. Cal. Edison Co.,* 942 F.Supp. 457, 465 n. 7 (S.D. Cal. 1996) (noting that "applying the 'ultrahazardous activities' doctrine here would be clearly inconsistent with the Price–Anderson Act."); *Adkins,* 960 F.Supp.2d at 766, 768 (same in uranium exposure case). Therefore, Plaintiffs' ultrahazardous/strict liability claim is **DISMISSED WITH PREJUDICE** as preempted by the PAA.

### Conclusion

For the foregoing reasons, Defendant Honeywell International, Inc.'s Motion to Dismiss (Doc. 12) is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

DATED: December 7, 2022

*[signature]*

**STACI M. YANDLE**
**United States District Judge**