IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF METROPOLIS, ILLINOIS, a Municipal Corporations, and COUNTY OF MASSAC, a Municipal Corporation, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 21-cv-860-SMY |
| vs. | )<br>) |
| HONEYWELL INTERNATIONAL, INC., | )<br>) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Dr. Phillip Plato was disclosed as Plaintiffs' health physics and dose calculation expert in March 2023. Dr. Plato died on November 8, 2025. Plaintiffs' counsel informed Honeywell's counsel of Dr. Plato's death shortly thereafter. Now pending before the Court is Plaintiffs' Motion to Substitute Dr. Timothy Mousseau and Anne White for Dr. Plato (Doc. 170), which Honeywell opposes in part (Doc. 171).

## Discussion

The Federal Rules of Civil Procedure do not expressly delineate the process or standard a court should utilize when faced with a motion to substitute an expert. That said, the Court views Plaintiff's motion as a request to reopen the deadlines imposed in the scheduling order under Federal Rule of Civil Procedure 16(b)(4). *See e.g.*, *Lincoln Nat. Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, 2010 WL 3892860, at *2 (N.D. Ind. Sept. 30, 2010). Under Rule 16, the court may modify a scheduling order if the party seeking modification shows good cause. When considering

whether good cause exists, "the primary consideration for courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

Plaintiffs timely disclosed Dr. Plato pursuant to the operative scheduling order and have been diligent to substitute Dr. Plato following his death. Plaintiffs identified White as a health physicist and represent that she will offer a report consistent with the subjects, theories, and opinions of Dr. Plato's report as to the ingestion doses at issue in this litigation. The Court finds good cause to substitute White for Dr. Plato. However, White's expert report and testimony must address the same subject matter as Dr. Plato's expert report without meaningful changes. In other words, Plaintiffs cannot escape the ingestion dose concessions or admissions of Dr. Plato. *See Lincoln,* 2010 WL 3892860, at *2 (N.D. Ind. Sept. 30, 2010) (courts generally limit the scope of the testimony that may be given by the substitute expert even if a substitution is allowed); *Dunkin' Donuts, Inc. v. N.A.S.T., Inc.,* No. 02 C 1272, 2005 U.S. Dist. LEXIS 16703, at *2 (N.D. Ill. Aug. 10, 2005) (rejecting an "entirely new" substitute report with "major differences" that "re-invented the wheel"). The Court will also permit Honeywell to file a renewed Daubert motion, if necessary.

Plaintiffs also seek to substitute Dr. Mousseau, an evolutionary biologist, who is prepared to offer a report consistent with the subjects, theories, and opinions of Dr. Plato's report as to the absorbed doses at issue in this litigation. Dr. Plato was not a biologist and his lack of biological expertise was the subject of a *Daubert* challenge. A substitute expert "must 'have a similar area of expertise'" to the original expert. *Todero v. Blackwell*, 2021 WL 4472550, at *7 (S.D. Ind. Sept. 30, 2021) (quoting *Stringer v. Cambria Fabshop-Indianapolis, LLC*, 2015 WL 13632234, at *2 (S.D. Ind. Oct. 2, 2015)). Allowing Plaintiffs to substitute a biologist for Dr. Plato at this juncture would be highly prejudicial to Honeywell. Accordingly, Plaintiffs' motion will be denied as to the substitution of Dr. Mousseau for Dr. Plato.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Substitute is **GRANTED in part** and **DENIED in part**. Anne White is hereby substituted for Dr. Phillip Plato. In light of the substitution, the Court **VACATES** the final pretrial conference set for June 4, 2026, and jury trial set for June 22, 2026, and sets the following schedule:

- White's written report is due by March 23, 2026;
- White's deposition must be taken by May 7, 2026;
- Any *Daubert* motion as to White is due by June 22, 2026.

The final pretrial conference and jury trial dates will be reset, if necessary, upon the Court's ruling on the pending dispositive motion.

**IT IS SO ORDERED.**

**DATE: March 6, 2026**

STACI M. YANDLE
**Chief United States District Judge**